IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                     CR 07-209-MA

        Plaintiff,                            OPINION AND ORDER

v.

JOSE DE JESUS ZARAZUA-LOPEZ

        Defendant.


JOSE DE JESUS ZARAZUA-LOPEZ
No. 56978-065
California City Correctional Center
P.O. Box 3001-0001
California City, CA 93504

    Pro Se Defendant

MARSH, Judge.

    The matter before the court is defendant's Motion for Time Reduction by an Inmate in Federal Custody under 28 U.S.C. § 2255 (#35).

1 - OPINION AND ORDER

On April 25, 2008, this court sentenced defendant to a term of imprisonment of 27 months following his plea of guilty to one count of unlawful reentry following deportation, in violation of 8 U.S.C. § 1326. Defendant now seeks a "downward departure" in the length of his sentence because he "cannot be housed in a minimum security facility, or community Correctional Center based on his deportation alien status."[1]

Defendant, however, does not contend the imposition of his sentence by this court was unconstitutional and, therefore, this action is not cognizable under 28 U.S.C. § 2255. Instead, defendant challenges rules promulgated by the Bureau of Prisons that impact his eligibility for a reduction of sentence. The court, therefore, construes the motion as one for reduction of sentence under 18 U.S.C. § 3582(c)(Modification of an Imposed Term of Imprisonment).[2] Under this provision, the Director of the Bureau of Prisons has sole discretion to move for a reduced sentence under certain circumstances. Lopez v. Davis, 531 U.S. 230, 241-42 (2001)("Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent

---

[1] Fed. R. Crim. P. 35(a) does not apply because defendant has not alleged clear error in his sentencing and, in any event, such a motion would be untimely.

[2] The government argues the defendant waived any habeas corpus challenge to his sentence in the plea agreement he executed with the government. The court need not and does not address that issue.

2 - OPINION AND ORDER

offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau must either grant the reduction, or is forbidden to do so.").

In <u>McClean v. Crabtree</u>, 173 F.3d 1176, 1184-86 (9th Cir. 1999), the Ninth Circuit held the Bureau of Prisons does not violate the 14th Amendment due process or equal protection rights of prisoners like defendant who, because of INS detainers, are ineligible to participate in community-based drug-abuse treatment programs that might lead to a reduction in their sentences.

The court, therefore, concludes defendant's claim does not entitle him to relief.

## CONCLUSION

For these reasons, the court **DENIES** defendant's retitled Motion for Reduction of Sentence (#35).

IT IS SO ORDERED.

DATED this 15 day of October, 2008.

*/s/ Malcolm F. Marsh*
MALCOLM F. MARSH
United States District Judge

3 - OPINION AND ORDER